**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 27 2010 ★

BROOKLYN OFFICE

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

GUCCI AMERICA, INC., a New York Corporation; BOTTEGA VENETA INTERNATIONAL, S.A.R.L., a foreign business entity,

    Plaintiffs,

-against-

JOSEPH ZEV GOLDBLATT and MALKY GOLDBLATT, individually and jointly, d/b/a REDCARPETBAGZ.COM,

    Defendant.

---

Case No. 1:08-cv-02149-JG-RER

**STIPULATED CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION**

Plaintiffs, Gucci America, Inc. ("Gucci") and Bottega Veneta International, S.A.R.L. ("Bottega") and the Defendants Joseph Zev Goldblatt and Malky Goldblatt, individually and jointly, d/b/a Redcarpetbagz.com (collectively the "Goldblatts"), stipulate and consent to the following:

WHEREAS, the Goldblatts allegedly adopted and began using trademarks in United States which allegedly infringe Gucci's registered trademarks: GUCCI, NON-INTERLOCKING GG MONOGRAM, and SQUARE G MONOGRAM (collectively the "Gucci Marks") and Bottega's registered trademark BOTTEGA VENETA (the "Bottega Mark");

WHEREAS, the Goldblatts' alleged use of names and marks which incorporate one or more of the Gucci Marks and the Bottega Mark is likely to cause confusion as to source or origin; and

WHEREAS, based upon Gucci's and Bottega's good faith prior use of their respective Marks, Gucci and Bottega have superior and exclusive rights in and to the Gucci Marks and the Bottega Mark in the United States and any confusingly similar names or marks.

IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. Judgment is entered in favor of the Plaintiffs and against the Defendants on all Counts of the Complaint.

2. That the Goldblatts, their agents, representatives, servants, employees, and all those acting in concert or participating therewith are hereby permanently enjoined, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell counterfeit goods bearing the Gucci Marks and/or the Bottega Mark from infringing, counterfeiting, or diluting the Gucci Marks and/or the Bottega Mark; from using the Gucci Marks and/or the Bottega Mark, or any marks similar thereto in connection with the sale of any unauthorized goods of Gucci and/or Bottega; from using any logo, trade name or trademark which is calculated to falsely advertise the services or products of the Goldblatts as being sponsored by, authorized by, endorsed by, or in any way associated with either Gucci or Bottega, from falsely representing themselves as being connected with either Gucci or Bottega, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of either Gucci or Bottega, are in any way endorsed by, approved by, and/or associated with Gucci and/or Bottega, from using any reproduction, counterfeit, copy, or colorable imitation of either the Gucci Marks and/or Bottega Mark in connection with the publicity, promotion, sale, or advertising of any goods sold by either Gucci or Bottega, including, without limitation, handbags, from affixing, applying, annexing or using in connection with the sale of any goods, a

false description or representation, including words or other symbols tending to falsely describe or represent the Goldblatts' goods as being those of either Gucci or Bottega or in any way endorsed by either Gucci or Bottega, and from offering such goods in commerce; and from otherwise unfairly competing with either Gucci or Bottega.

2. Any party shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and other relief deemed proper in the event of a violation or failure to comply with any of the provisions hereof.

3. This cause between Gucci, Bottega and the Goldblatts is hereby dismissed with prejudice, subject to the terms of the Settlement Agreement between the parties.

4. The parties respective attorney's fees and costs incurred in connection with this action shall be borne as per the agreement of the individual parties on their Settlement Agreement.

5. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Permanent Injunction and the Settlement Agreement between the parties.

6. All allegedly counterfeit Gucci and Bottega products currently in the possession, custody or control of the Goldblatts shall be delivered to Gucci's and Bottega's counsel and destroyed under the direction of Gucci and Bottega.

Dated this 15th day of January, 2010.

**Plaintiffs:**

                                        Gibney, Anthony & Flaherty, LLP
                                        665 Fifth Avenue
                                        New York, New York 10022
                                        Telephone (212) 688-5151
                                        Facsimile (212) 688-8315
                                        E-mail: jmacaluso@gibney.com

                                        By: _____
                                            John Macaluso (JM 2058)

Defendants:

        Levisohn Berger, LLP
        11 Broadway, Suite 615
        New York, New York 10004
        Telephone: (212) 486-7272
        Facsimile: (212) 486-0323
        Email: jberger@llbl.com

By: _____
      Jonathan Berger

SO ORDERED this 21st day of April, 2010

s/John Gleeson
_____
JOHN GLEESON
United States District Judge